# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

BYRON JAMES MILLER ]
    Petitioner, ]
     ]
v. ]   No. 3:13-1226
     ]   Judge Sharp
UNITED STATES OF AMERICA ]
    Respondent. ]

## O R D E R

The Court has before it a *pro se* prisoner petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus.

In May, 1991, the petitioner pled guilty in Davidson County to selling a controlled substance. For this crime, he received an eight year sentence that was suspended, and the petitioner was placed on probation. He violated probation on at least two occasions but the petitioner eventually completed the sentence. Docket Entry No. 1 at pg. 17.

Since then, the petitioner was tried in the United States District Court for the Central District of Illinois, and was found guilty of possessing heroin. United States v. Miller, 199 F.3d 416 (7th Cir. 1999). The 1991 Tennessee conviction was apparently used as a predicate offense to establish the petitioner as a career offender and enhance his federal sentence. The petitioner claims that the federal sentencing court "erred when considering his 1991 Tennessee conviction as a substantial predicate offense." Docket Entry No. 1 at pg. 10.

Relief under § 2254 is available only if the petitioner is "in custody pursuant to the judgment of a state court ....". 28 U.S.C. § 2254(a). Here, the petitioner is admittedly not in custody pursuant

to the judgment of a state court. He is, rather, challenging the validity of a federal sentence that was enhanced using an expired state court conviction. 28 U.S.C. § 2254, therefore, is not the appropriate vehicle for petitioner's claim.

Accordingly, the petition is DENIED and this action is hereby DISMISSED for failure to state a claim upon which habeas corpus relief can be granted. Rule 4, Rules - - - § 2254 Cases.

Should the petitioner file a timely Notice of Appeal, such Notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will NOT issue because the petitioner has been unable to make a substantial showing of the denial of a constitutional right.

It is so ORDERED.

Kevin H. Sharp
United States District Judge